Case 1:07-cv-07268   Document 1   Filed 12/27/2007   Page 1 of 8

DAJ

FILED
DECEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY, | ) ) ) | **07 C 7268** |
| Plaintiff, | ) ) | |
| v. | ) ) | No. **JUDGE MORAN** |
| SAMANTHA CHHUN and MOEUN SOK, | ) ) ) ) | **MAGISTRATE JUDGE ASHMAN** |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION**

MetLife Investors USA Insurance Company ("MetLife") for its Complaint against Defendants Samantha Chhun and Moeun Sok states as follows:

**Nature of the Case**

1. This is an action for declaratory judgment and for rescission of a life insurance policy issued by MetLife in the amount of $400,000 which was procured by material misrepresentation. Defendant Samantha Chhun is the owner of a life insurance policy on the life of Defendant Moeun Sok. Ms. Sok, the insured, did not disclose on her application the full extent of her medical history, including that she was receiving Social Security disability benefits due to her chronic dizziness and arthritis. She also misrepresented her net worth and annual income and the purpose of the coverage. Ms. Chhun signed the application that included the misrepresentations. Had MetLife known about these material undisclosed matters and misrepresentations prior to the issuance of the policy, it would not have issued the policy. MetLife therefore seeks to rescind the policy and seeks a declaratory judgment stating that the policy is void *ab initio* and is no longer in effect.

**Parties**

2. MetLife is an insurance company organized under the laws of the State of Delaware with its principal place of business in the State of Delaware.

3. Upon information and belief, Samantha Chhun is a resident of Brookfield, Illinois.

4. Upon information and belief, Moeun Sok is a resident of Brookfield, Illinois and a Permanent Resident of the United States.

**Jurisdiction and Venue**

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331(a) in that the parties to this matter are citizens of different states and the face value of the policy at issue exceeds $75,000.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a).

**Ms. Sok and Ms. Chhun Apply for the Policy**

7. On or about February 1, 2006, MetLife issued a Flexible Premium Adjustable Life Insurance Policy with Coverage Continuation, bearing policy number 206 020 342 USU (the "Policy"), on the life of Ms. Sok in the face amount of $400,000. A true and correct copy of the Policy is attached hereto as Ex. A.

8. In order to obtain the Policy, Ms. Sok was required to complete a written Application for Individual and Multi-Life Life Insurance form (the "Application") and answer certain questions in the Application. Ms. Sok completed the Application on or about December 1, 2005 and submitted it to MetLife for consideration. A true and correct copy of the Application is part of and attached to the Policy.

9. In Part I, Section 1, "Proposed Insureds" Ms. Sok listed her net worth at $1,500,000 and stated that her annual income was $100,000.

10. Ms. Sok failed to disclose, as MetLife later learned, that she in fact had no annual income and little to no net worth.

11. In Part II, Section 1, "Physician Information" Ms. Sok reported that on her last visit to her doctor she was found "ALL OKAY."

12. Ms. Sok failed to disclose that she has been receiving Social Security disability benefits for more than a decade because of her chronic dizziness and arthritis.

13. In Part II, Section 2, "Medical Questions" Ms. Sok was asked "3. Has **ANY** person to be insured **EVER** received treatment, attention, or advice from any physician, practitioner or health facility for, or been told by any physician, practitioner or health facility that he/she had: . . . . A. High blood pressure; chest pain; heart attack; or any other disease or disorder of the heart or circulatory system?" (emphasis in original) Ms. Sok checked the box for "No."

14. Ms. Sok failed to disclose that she had visited McNeal Hospital on August 10, 2004 and that the hospital's records indicate a diagnosis of cardiomegaly with dilation of the ascending aorta. Ms. Sok also failed to disclose that she had received treatment at the Oak Park Hospital on January 6, 2000 for posterior nasal bleeds.

15. In addition, Section 2, Question 3.C. asked the same question regarding: "Seizures; stroke; paralysis; Alzheimer's disease; multiple sclerosis; memory loss; Parkinson's disease; progressive neurological disorder; headaches; or any other disease or disorder of the brain or nervous system?" Again, Ms. Sok checked the box for "No."

16. Ms. Sok failed to disclose that she has been receiving Social Security disability benefits for more than a decade due to, among other things, chronic dizziness. Ms. Sok also

3

failed to disclose that she had visited McNeal Hospital on August 10, 2004 and that the hospital's records indicate a diagnosis of Bell's Palsy.

17. In addition, Section 2, Question 3.G. asked the same question regarding: "Arthritis; gout; or disorder of the muscles, bones or joints?" Again, Ms. Sok checked the box for "No."

18. Ms. Sok failed to disclose that she had been on disability for more than 10 years, in part because of chronic arthritis, and had received a diagnosis of spinal compression deformity on or about August 10, 2004.

19. Finally, Ms. Sok appears to have informed the MetLife sales representative that the purpose of the Policy was to protect a business loan. In fact, Ms. Sok had no obligation with regard to the loan.

20. Upon signing the Application, Ms. Sok agreed as follows:

> **Agreement/Disclosure: I Have read this application for life insurance including any amendments and supplements and to the best of my knowledge and belief, all statements are true and complete. I also agree that:**
> - My statement in this application and any amendment(s); paramedical/medical exam; and supplement(s) are the basis of any policy issued.
> - This application and any: amendment(s); paramedical/medical exam; and supplement(s) to this application, will be attached to and become part of the new policy.
> - No information will be deemed to have been given to the Company unless it is stated in this application and paramedical/medical exam, and any supplement(s). . . .

Application at 14.

21. On or about December 1, 2005, Ms. Sok signed the Application in Cicero, Illinois. Ms. Chhun also signed the Application on December 1, 2005 in Cicero, Illinois.

22. Ms. Sok knowingly made statements, representations and answers in her Application—and Ms. Chhun signed and ratified that Application—for the purpose of inducing MetLife to issue the Policy.

**MetLife Issues the Policy and Then Declares it Void**

23. In reliance upon the statements, representations and answers provided by Ms. Sok in the Application, MetLife issued the Policy. MetLife justifiably relied on Ms. Sok's and Ms. Chhun's representations. The answers Ms. Sok provided to questions in the application in Part I, Section 1; Part II, Section 1; and Part II, Section 2 were material to the risk assumed by MetLife in issuing the policy. Had MetLife known the true facts about Ms. Sok's medical history and financial situation, it would not have issued the Policy as applied for.

24. On September 5, 2007, MetLife informed Ms. Chhun of its election to treat the Policy as void because of the material misrepresentations made in the Application, including failure to disclose medical treatment for serious health conditions and the incorrect information Ms. Sok provided regarding her net worth and annual income.

25. On September 5, 2007, MetLife refunded the premiums paid with interest in the form of a check for $24,709.83. In addition, in September 2007, MetLife stopped bank withdrawals for Policy premiums.

## COUNT I
## (Declaratory Judgment)

26. MetLife reincorporates the allegations of Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27. MetLife seeks a declaration that the Policy is void *ab initio* because the Policy was issued on the basis of Ms. Sok's material misrepresentations in the Application.

28. Prior to the commencement of this action, MetLife tendered the sum of premiums paid with interest to Ms. Chhun in the form of a check, which tender is the extent of MetLife's liability under the Policy.

29. Ms. Chhun refused tender of the Policy premiums. MetLife remains ready, willing and able to refund the premiums paid with interest.

30. An actual, real and substantial controversy now exists between MetLife and Defendants with respect to their conflicting claims regarding the Policy.

31. MetLife has no adequate remedy at law.

**WHEREFORE**, MetLife respectfully requests that this Court grant the following relief:

    (i)    An Order declaring the Policy is void *ab initio*;

    (ii)    An Order declaring that Defendants be prohibited from filing or prosecuting any action in any other court related to said Policy;

    (iii)    An Order awarding MetLife its costs; and

    (iv)    An Order awarding MetLife any other and further relief that this Court deems just and proper.

## COUNT II
## (Rescission)

32. MetLife reincorporates the allegations of Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

33. The Policy is void *ab initio* because the Policy was issued on the basis of Ms. Sok's material misrepresentations in the Application.

34. Therefore, MetLife seeks a declaration the Policy is rescinded, null and void and of no legal effect, and that MetLife be discharged of and from all liability with regard to the Policy.

35. MetLife has no adequate remedy at law.

**WHEREFORE**, MetLife respectfully requests that this Court grant the following relief:

(i) An Order declaring that the Policy is void *ab initio*;

(ii) An Order declaring that Defendants be prohibited from filing or prosecuting any action in any other court related to said Policy;

(iii) An Order awarding MetLife its costs; and

(iv) An Order awarding MetLife any other and further relief that this Court deems just and proper.

Dated: December 27, 2007                    Respectfully submitted,

                                            METROPOLITAN LIFE INSURANCE COMPANY


                                            By:    /s/ Brendan J. Healey
                                                   One of its attorneys

Steven P. Mandell  #6183729
Brendan J. Healey #6243091
**MANDELL MENKES LLC**
333 West Wacker, Suite 300
Chicago, Illinois 60606
(312) 251-1000